FILED
AUG 02 2007
9-2-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

JOHN WYATT, KAREN LANDINO,

    Plaintiffs,

vs.

NISHAY K. SANAN,

    Defendant.

07CV4366
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

## COMPLAINT AT LAW

NOW COME, the Plaintiffs, John Wyatt and Karen Landino, and as a Complaint against the Defendant Nishay K. Sanan, state as follows:

### JURISDICTION

1. The Plaintiffs, John Wyatt and Karen Landino, are citizens of the State of New Mexico.

2. The Defendant Nishay K. Sanan, is a citizen of the State of Illinois with his principal place of business located at 55 West Monroe St., Suite 3330, Chicago, Illinois 60603.

3. The amount in controversy exceeds the sum of $75,000.

4. Jurisdiction resides with this Court pursuant to 28 U.S.C. § 1332.

### COUNT I

(Breach of Contract/Fiduciary Duty)

1. The Plaintiffs John Wyatt and Karen Landino are citizens of the State of New Mexico.

2. During the period complained of herein, the Defendant Nishay K. Sanan, (hereinafter referred to as Sanan) was an licensed attorney in the State of Illinois, holding himself

1

out as a specialist in federal criminal defense including appellate practice before the United States Supreme Court, with his principal place of business located at 55 West Monroe Street, Suite 3330, Chicago, Illinois 60603.

3. On April 4, 2002, the Defendant Sanan, was consulted by John Wyatt and Karen Landino for legal advice regarding John Wyatt's arrest and criminal charges against John Wyatt in the Matter of U.S. v. Wyatt, Federal Court in the Southern District of Illinois, No. 02-CR-30060 DRH.

4. At the time of his retention, Defendant Sanan represented to Plaintiffs that he had an extensive background in federal criminal law including all appellate levels up to and including the United States Supreme Court.

5. During the period commencing April 4, 2002 to August 30, 2005, Sanan was engaged by the Plaintiffs Wyatt and Landino to represent the Plaintiff Wyatt, as his criminal defense attorney.

6. Pursuant to the request of Sanan, Plaintiffs Wyatt and Landino paid the following sums of money to Sanan:

    a. $25,000.00 for the U.S. District Court proceeding;

    b. $25,000.00 for the Seventh Circuit Appeal;

    c. $10,000.00 for the Supreme Court Writ of Certorari, the remaining $15,000.00 to be paid upon filing of the Petition;

    d. Expenses for Sanan paid in the amount of $6,000.00.

7. Over the period from April 4, 2002, to April 19,

2005, Defendant Sanan advised both Plaintiffs that the best course for Wyatt to take was to plead guilty on a conditional plea reserving the right to challenge various motions filed before the District Court.

8. At all times, Sanan guaranteed the Plaintiffs that Wyatt would prevail on all the legal issues raised and would be found innocent of the charges. Sanan represented to the Plaintiffs he had outstanding results in similar cases in the Southern District of Illinois.

9. After Wyatt entered his conditional plea he was sentenced to 22 years of incarceration, an amount greater than the 10 years he would have received by going to trial.

10. Following the appeal to the Seventh Circuit, the Appeals Court denied the appeal and Sanan urged Plaintiffs to retain him to appeal to the United States Supreme Court because he claimed Wyatt had a great chance of winning.

11. Sanan represented to Plaintiffs that he had extensive experience in appealing cases to the United States Supreme Court.

12. Upon payment to Sanan of the requested $10,000.00 to file the Petition to the Supreme Court, Plaintiffs awaited their copies of the Petition as promised by Sanan.

13. On or about mid-August 2005, Sanan wrote to Plaintiffs that he would be sending them a copy of the Petition.

14. The deadline to file the Petition was August 14, 2005.

15. Sanan did not forward a copy of the Petition to the Plaintiffs nor has he ever provided them with a copy.

16. Sanan failed to file a Petition with the Supreme Court in a timely manner because contrary to his representations to Plaintiffs, he had no prior experience in filing Petitions to the United States Supreme Court.

17. On or about August 19, 2005, Sanan advised Plaintiffs he had made a mistake and failed to meet the filing deadline of the Supreme Court.

18. Subsequently, Plaintiffs requested a return of their $10,000.00 fee, all of Wyatt's legal papers and a copy of the Petition.

19. Sanan returned the retainer and some of the legal papers but not a Petition despite repeated requests for the same.

20. Based upon the guarantee and misrepresentations of Sanan, Wyatt entered his conditional plea and received a 22 year sentence instead of a maximum of 10 years he would have received.

21. Sanan was totally unprepared and unknowledgeable how to handle critical aspects of Wyatt's case and failed to advise Wyatt of the possiblity of a maximum sentence of 22 years.

22. Plaintiff Wyatt entered into an unfavorable plea agreement with the Government to avoid a trial at the insistence of Sanan.

23. At all times mentioned herein, the Defendant, Sanan, owed a fiduciary duty to the Plaintiffs Wyatt and Landino.

24. At all times mentioned herein, the Defendant Sanan

owed a duty to provide competent legal advice and services to the Plaintiffs Wyatt and Landino, for reasonable attorney fees for necessary legal services rendered.

25. At all times mentioned herein, the Defendant Sanan owed a duty to Plaintiffs not to undertake to represent Wyatt in a federal criminal case including appeals beyond Sanan's capacity as a lawyer.

26. At all times mentioned herein, the Defendant Sanan owed a duty to the Plaintiffs not to guarantee to them that Sanan would win the conditional plea agreement on appeal and Wyatt's conviction would be reversed.

27. At all times mentioned herein, the Defendant Sanan owed a duty to the Plaintiffs to know the current status of criminal law as pertinent to Wyatt's case.

28. At all times mentioned herein, the Defendant Sanan owed a duty to the Plaintiffs to know the deadline to file a Petition for a Writ to the Supreme Court of the United States and not to misrepresent to the Plaintiffs he had extensive experience in that Court.

29. At all times mentioned herein, the Defendant Sanan owed a duty to the Plaintiffs to advise them that Wyatt could face a maximum sentence of 22 years if he pled.

30. Notwithstanding the aforementioned duties, the Defendant Sanan, breached his contract and fiduciary duty to provide competent legal advice to Plaintiff John Wyatt in one or more of the following respects:

5

a. Advised John Wyatt and Karen Landino that Sanan was an outstanding federal criminal lawyer with huge successes in the United States District Court for the Districts of Illinois;

b. Failed to advise John Wyatt and Karen Landino that Sanan lacked appellate experience before the Supreme Court;

c. Failed to timely review all aspects of Wyatt's case before recommending strongly that Wyatt plead rather than go to trial;

d. Advised John Wyatt to enter into an unfavorable plea agreement after guaranteeing John Wyatt he would be acquitted based upon the law raised by Sanan;

e. Failed to know the current legal consequences of an escape charge and a possible additional 12 year sentence to the original drug charge;

f. Failed to file a Petition for a Writ in a timely manner nor did he provide Plaintiffs with a copy of the Petition he claimed he had written;

g. Failed to know the date a Petition would have to be filed in the United States Supreme Court;

h. Failed to argue several areas of law before the Seventh Circuit Court of Appeals and the District Court such as Booker, Apprendi, lack of a career offender, criminal history, escape charge, structural errors, search and seizure and downward departure, using then current law that would have benefited Wyatt.

i. Misrepresented his guarantee that Wyatt would win his

6

Seventh Circuit appeal.

j. Was unprepared to try a jury trial because of lack of preparation resulting in his pressure on Wyatt to plea.

31. As a direct and proximate cause of the aforementioned breach of duty, the Plaintiff John Wyatt entered into an unfavorable plea agreement that resulted in a 22 year sentence instead of no sentence or at a maximum 10 years.

32. But for the aforementioned bad advice of, or failure to advise by, the Defendant Sanan, Plaintiff John Wyatt and Karen Landino would not have undertaken to pay the attorneys fees aforementioned to the Defendant Sanan, and would not have been required to liquidate assets, borrow money and suffer other economic losses.

WHEREFORE, Plaintiffs John Wyatt and Karen Landino pray for judgment in their favor and against the Defendant Sanan, for a sum in excess of $75,000.00, plus interest and costs.

COUNT II
(Professional Negligence)

1-32 Plaintiff John Wyatt and Karen Landino adopt and incorporate by reference paragraphs 1-32 of Count I as paragraphs 1 through 32 of this Count.

33. At all times mentioned herein, the Defendant Sanan, had a duty to exercise the reasonable level of skill, knowledge, care, attention and prudence common among attorneys specializing in handling federal criminal felony defense cases in Federal Courts.

34. Notwithstanding the aforementioned duty, the Defendant Sanan, was negligent in the performance of legal services

7

rendered to the Plaintiffs, John Wyatt and Karen Landino, in one or more of the following respects:

a. Advised John Wyatt and Karen Landino that Defendant Sanan was an expert in federal criminal law and had an outstanding defense record in the United States District Courts in Illinois.

b. Advised John Wyatt and Karen Landino that Sanan guaranteed that John Wyatt would win his case before the Seventh Circuit Court of Appeals if he entered a conditional plea before the district court.

c. Failed to inform John Wyatt and Karen Landino that Sanan was unaware of the current status of federal criminal law as to search and seizure, escape charges, career offender, criminal history, structural errors, downward departure and enhancement among other legal precedents necessary in Wyatt's case.

d. Failed to properly appeal the district court issues before the Seventh Circuit Court of Appeals because Sanan did not understand the issues and if he had, Wyatt's sentence of an unlawful extra 12 years would have been reversed.

e. Failed to timely file a Petition for a Writ to the United States Supreme Court.

f. Advised John Wyatt to enter into an unfavorable plea agreement because Sanan was unprepared to try a jury case, not having spent the time to understand the case.

g. Demanded payment of attorney fees that were excessive and inconsistent with reasonable attorney fees and charges for legal services necessary and rendered.

35. As a direct and proximate cause of the aforementioned negligence, Plaintiff John Wyatt was encouraged to enter into an unfavorable plea agreement resulting in a sentencing of a period of incarceration of 22 years instead of no time as guaranteed by Sanan. Which incarceration of at least 12 more years than constitutionally proper has caused John Wyatt and Karen Landino to further suffer from extreme anxiety and mental anguish, lost income, financial and economic losses.

WHEREFORE, Plaintiffs John Wyatt and Karen Landino pray for judgment in their favor and against the Defendant Sanan for a sum in excess of $75,000.00, plus interest and costs.

COUNT III
(Negligence in Failing to File Petition Timely)

1-35 Plaintiff John Wyatt and Karen Landino adopts and incorporates by reference paragraphs 1-35 of Count II as paragraphs 1 through 35 of this Count.

36. At all times mentioned herein, the Defendant Sanan, had a duty to exercise the reasonable level of skill, knowledge, care attention and prudence common among attorneys specializing in handling federal criminal felony defense cases in Federal Courts.

37. Notwithstanding the aforementioned duty, the Defendant Sanan, was negligent in the performance of legal services rendered to the Plaintiffs John Wyatt and Karen Landino, in one or more of the following respects:

a. Failed to inform John Wyatt and Karen Landino that he was not familiar with the filing deadline of the United States Supreme Court.

b. Failed to advise John Wyatt and Karen Landino that Sanan was unaware that he had to file the Petition with the United States Supreme Court within 90 days of the decision of the Seventh Circuit Court of Appeals.

c. Failed to advise John Wyatt and Karen Landino that if Sanan had filed the Petition with the Supreme Court it was likely that in light of the recent decision of the United States Supreme Court that the Court would have taken Wyatt's case and reversed the Seventh Circuit Court of Appeals.

d. Failed to advise John Wyatt and Karen Landino that Sanan had not properly argued the Seventh Circuit Court of Appeals proceeding, for if he had, the escape decision resulting in an additional 12 years would have been reversed as suggested by the Seventh Circuit Court of Appeals in another case.

38. As a direct and approximate cause of the aforementioned negligence, Plaintiff John Wyatt was barred from filing his appeal to the United States Supreme Court which would have resulted in a reversal of his unconstitutional 12 year enhancement as has been established by a recent United States Supreme Court decision.

39. As a direct and approximate cause of the aforementioned negligence, Plaintiff John Wyatt was required to hire another attorney to review the mistakes made by Sanan and to pay the other attorney the sum of $10,830.00.

40. Sanan's failure to timely file Wyatt's Petition constitutes both a negligent act and a breach of the contractual obligation owed to Plaintiffs.

41. As a proximate result, of Sanan's failure to timely

file the Petition with the Supreme Court Wyatt lost the opportunity to overturn the additional unconstitutional 12 years and suffered economic damages in excess of $75,000.00, plus interest and costs.

42. As a further proximate result of Sanan's failure to timely file the Petition to the United States Supreme Court, the Plaintiff's were forced to incur additional legal fees to another attorney and future legal fees to correct the damages caused by Sanan.

COUNT IV
(Breach of Contract/Fiduciary Duty, Unjust Enrichment, Fraud)

43. Plaintiff Karen Landino adopts and incorporates by reference paragraphs 1-42 of all Counts as paragraphs 1 through 43 of this Count.

44. From the beginning of his employment, Sanan gave legal advice to Karen Landino as to the best methods to handle the legal case of John Wyatt.

45. Karen Landino consulted the Defendant Sanan throughout this period of time beginning in 2002 through 2005, regarding the criminal defense strategy alternatives available to John Wyatt, the attorney's fees and costs of defense through trial and the affect that a conditional plea of guilty would have on John Wyatt and her.

46. Based on Sanan's consulation with Karen Landino that Sanan would be able to get John Wyatt off the charges or at a maximum a minor prison sentence, Karen Landino agreed to jointly assist John Wyatt in obtaining the attorney's fees and litigation expenses demanded by Sanan to represent the Plaintiff John Wyatt

11

in his criminal case in Illinois.

47. At all times mentioned herein, the Defendant Sanan owed a fiduciary duty to Karen Landino.

48. Notwithstanding the aforementioned duty, the Defendant Sanan, breached his contract and fiduciary duty to Karen Landino, in one or more of the following respects:

a. Advised Karen Landino that he was a highly experienced federal criminal attorney and could get John Wyatt acquitted or at least a minimum prison sentence.

b. Advised Karen Landino that Sanan knew all of the most recent federal criminal laws and could overturn any sentence appealed to the Seventh Circuit Court of Appeals.

c. Advised Karen Landino that Sanan was an experienced Supreme Court attorney who had appealed several cases to the United States Supreme Court.

d. Failed to advise Karen Landino that Sanan did not understand escape charges from a half-way house and their impact on Wyatt's sentence if handled improperly as they were by Sanan.

e. Failed to timely advise Karen Landino that Sanan did not know how to appeal to either the Seventh Circuit Court of Appeals or to the United States Supreme Court, nor did he advise her that if he appealed to the Seventh Circuit Court of Appeals Sanan was unaware of recent case law as it affected the enhancement to John Wyatt of an unconstitutional extra 12 years.

f. Demanded payment of attorney fees and litigation expenses that were excessive and inconsistent with reasonable attorney fee's for legal services that were necessary and

rendered.

49. But for the aforementioned breach of duty, Plaintiff Karen Landino would not have undertaken to pay the attorney fees and advanced litigation expenses aforementioned to Defendant Sanan.

50. Recently, Karen Landino noted a notice from the Illinois Bar Association that appears to suggest that Defendant Sanan has some medical problem that prevents him from practicing law. Landino has written to bar counsel requesting further information and if this information indicates that this condition may have adversely affected Sanan's representation of Wyatt, Landino reserves the right to amend this complaint as does Wyatt.

WHEREFORE, Karen Landino prays for judgment in her favor and against the Defendant, Sanan for a sum in excess of $75,000.00, plus interest and costs.

_____
John Wyatt Pro Se

_____
Karen Landino Pro Se

## REQUEST FOR JURY TRIAL

NOW COMES, John Wyatt and Karen Landino and requests a jury trial on all issues triable by Jury.

_____
John Wyatt

_____
Karen Landino

## VERIFIED COMPLAINT

Plaintiffs John Wyatt and Karen Landino hereby affirm that that this is a verified complaint, and affirm that under penalty

of perjury under the laws of the United States of America, that the foregoing complaint is true and correct to the best of their knowledge.

Executed on 07/5/07

John Wyatt

Karen Landino

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1. Please state your name, date of birth, occupation or profession, and your residence and business address.

2. What law school did you graduate from, what was the date of your graduation, and what degree or degrees did you receive?

3. Are you a member of the State Bar of Illinois? If so, when were you licensed to practice law in the State of Illinois?

4. Are you licensed to practice law in any jurisdiction other than the State of Illinois? If so, please list the jurisdictions in which you are licensed to practice, and the dates on which you were licensed.

5. Has your license to practice law in any jurisdiction ever been suspended or revoked? If so, please list the jurisdictions the dates of such action, and the reasons why the action was taken.

6. Have you ever appeared before or filed a request to any jurisdiction indicating that you were not fit to practice for any reason or should be excused from your duties as an attorney for health or other reasons. If so, please list the jurisdictions, the dates of such action, and explain the details of the requests.

7. Have you obtained board certification in any specialty of legal practice? If so, please list the specialties in which you are board certified, and the date of certification.

8. Are you a member of any international, national, state, or local law-related organization? If so, please give the name of each such organization and the inclusive dates of your member-

1

ship.

9. Has your membership in any professional association ever been suspended or revoked, or has any such association ever refused to renew your membership? If so, please give the details of such action, including the name of the association, the date of action, and the reasons for such action.

10. Do you carry professional liability insurance against occurrences of the nature alleged by the plaintiff?

11. If the answer to the preceding interrogatory is "yes", please:

    a. Identify your insurer by name and address;

    b. Indicate the limits of your policy;

    c. State whether your policy was in effect on the date of the occurence alleged in the above-named matter, and

    d. State when and where your policy may be examined by Plaintiffs Wyatt and Landino.

12. Has any insurance company ever suspended, revoked, or refused to renew a professional liability policy covering you or any firm or association with whom you are or were associated? If so, please give the details of such action, including the name of the insurer, the date of action, and the reasons for such action.

13. Please describe in detail all aspects of your law-related relationship with plaintiff.

14. Please describe in detail all aspects of your law-related relationship with Plaintiffs at the time of the occurences alleged in the above matter.

2

15. Please describe fully the circumstances surrounding the initiation of your professional relationship with plaintiffs, and indicate the date and time thereof.

16. Please estimate the number of occasions on which you met wtih each Plaintiff in your professional capacity prior to the occurrences that are the subject of the lawsuit in this matter.

17. Did you engage in the following conduct alleged by Plaintiffs in their complaint? 1. Failed to file a Petition for a Writ of Certorari with the United States Supreme Court in a timely manner. 2. Failed to prepare a Petition for a Writ of Certorari. 3. Failed to advise Plaintiff Wyatt that he faced 22 years if he pled. 4. Failed to advise Wyatt that you did not understand enhancement of his sentence.

Dated: 07/05/07

Plaintiffs by:

*John Wyatt*
John Wyatt

*Karen Landino*
Karen Landino